UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AGENUS INC., <br><br> Plaintiff, <br><br> v. <br><br> RECEPTA BIOPHARMA S.A., <br><br> Defendant. | Civil Action No. _____ <br><br> **Jury Trial Demanded** |

## COMPLAINT

Plaintiff Agenus Inc. ("Agenus" or "Plaintiff") alleges the following as and for its Complaint against Defendant Recepta Biopharma S.A. ("Recepta" or "Defendant").

## INTRODUCTION

1.  Agenus is a biopharmaceutical company based in Lexington, Massachusetts. Agenus is on the cutting-edge of immuno-oncology, a scientific field focused on the study and development of treatments that take advantage of the human body's immune system to fight cancer. Agenus focuses on the research, development, manufacturing, and commercialization of immuno-oncology products such as checkpoint inhibitors, cell therapies, vaccines, and adjuvants, to deliver curative outcomes to patients. As part of this mission, Agenus seeks to collaborate with companies like Recepta, which is based in Brazil, in order to further its development and commercialization efforts in different parts of the world.

2.  To that end, Agenus entered into an Amended and Restated Collaborative Research and Development and Commercial Rights Agreement (the "Collaboration Agreement" or "Agreement," attached and incorporated herein as Exhibit A) with Recepta on January 25, 2016. The stated purpose of this Agreement was to "collaborate on the development and

1

commercialization" of certain biological products for human therapeutic use, some of which are referenced herein as "joint products."

3. Under the Collaboration Agreement, Agenus and Recepta agreed to use "Commercially Reasonable Efforts" to carry out their responsibilities under the Agreement and to "cooperate" with each other in carrying out those responsibilities. ███████████████ ███████████████████████████████████████████████ ████████████████████████████████████████ █████████████████████████████████████████████████████ ███████████

4. While Agenus has used Commercially Reasonable Efforts to conduct activities under these joint development plans, Recepta has not. And while Agenus has attempted to cooperate with Recepta to further the core purposes of the Collaboration Agreement, Recepta has not done the same.

5. In short, Recepta has failed to live up to its side of the bargain. During the term of the Collaboration Agreement, the only development of joint products ████████████ █████████████████████—has been studies conducted by Agenus (not by Recepta) at its own expense. By conducting these studies, Agenus went above and beyond what was required in the joint development plan, for the benefit of patients ████████████ Meanwhile, Agenus has made significant strides toward regulatory approvals and commercialization of joint products ██████████████████████████ Recepta even prevented Agenus from conducting a confirmatory study which would have benefited further patients ████████████████

6. Because Recepta has failed to use Commercially Reasonable Efforts or cooperate with Agenus to further joint development plans under the Collaboration Agreement, Agenus files this Complaint for breach of contract and breach of the covenant of good faith and fair dealing, seeking, among other things, damages, restitution, and declaratory relief.

## PARTIES

7. Agenus is a Delaware corporation with its principal place of business at 3 Forbes Road, Lexington, Massachusetts 02421. Agenus is engaged in the development, manufacturing, and commercialization of human and humanized monoclonal antibodies to treat human diseases.

8. Recepta is a Brazilian biotechnology company with its by-laws filed with the Commercial Registry of the State of São Paulo and its principal place of business at Rua Tabapuã 1123, Conj.: 36 CEP: 04533-014. Itaim Bibi, São Paulo, SP Brazil. Recepta was founded in 2006 as a joint partnership between the Ludwig Institute for Cancer Research ("LICR") and private investors, and Recepta maintains a partnership with LICR, which has centers at Harvard University and MIT. Recepta is engaged in the development and commercialization of biological products in South America.

## JURISDICTION AND VENUE

9. This Court has jurisdiction over these parties and this action pursuant to 28 U.S.C. § 1332, as there is complete diversity among the parties and the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

10. The District of Massachusetts is the appropriate venue for this action pursuant to 28 U.S.C. § 1391(b)(2), as a substantial part of the events or omissions giving rise to Agenus's claims occurred in this judicial district.

11. This Court has personal jurisdiction over Recepta, because Recepta entered into the Collaboration Agreement with Agenus in Massachusetts and specifically agreed that the Collaboration Agreement would be governed by and construed in accordance with U.S. laws. Recepta forged substantial and long-standing business contacts with Massachusetts before and after entering into the Collaboration Agreement, and it maintains a partnership with LICR, which has centers at Harvard and MIT.

## FACTS

### The Collaboration Agreement

12. Agenus and Recepta entered into the Collaboration Agreement on January 25, 2016. ███████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████

13. Under the Collaboration Agreement, Agenus and Recepta specifically agreed to ███████████████████████████████████████████████████████████████████████████████ And they agreed to ███████████████████████████████████████ Under Article 4.1, the Agreement also specifies that:

████████████████████████████████████████████████████████████████████████████████████████████

14. The Collaboration Agreement defines relevant terms as follows:

   a. **"Continuing Party"** means, in the case of termination of the Agreement for material breach pursuant to Article 10.2(a), the non-breaching Party.

4

b. **"Development"** means "research preclinical and clinical development activities" with respect to "an Antibody or a Product," including activities like "the conduct of preclinical and non-clinical studies" and "the planning and conduct of clinical trials[.]"

c. **"Joint Development Plans"** prescribe how Development activities with respect to each Joint Product "shall be conducted by the Parties" and describe "in reasonable detail the proposed overall program of Development for each Joint Antibody and Joint Product therein, including preclinical and non-clinical studies, toxicology, formulation, plans for preparation and filing the INDs [investigational new drug applications], clinical trials and regulatory plans and other key elements necessary to obtain Marketing Approvals for such Joint Project."

d. **"Non-Continuing Party"** means, in the case of termination of the Agreement for material breach pursuant to Article 10.2(a), the breaching Party.

e. █████████████████████████████████████

f. █████████████████████████████████████

15. ███████████████████████████████████████████

███████████████████████████████████████████
███████████████████████████████████████████
███████████████████████████████████████████
███████████████████████████████████████████
███████████████████████████████████████████
███████████████████████████████████████████
███████████████████████████████████████████
███████████████████████████████████████████
███████████████████████████████████████████

██████████████████████████████████████████████████████████
████

16.    The Joint Development Plans in place at the time the Agreement was signed were attached to the Agreement and incorporated by reference.

17.    ████████████████████████████████████████████
██████████████████████████████████████████████████████████
██████████████████████████████████

████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████

**Recepta's Failure to Develop Joint Products** ████████████

18.    ████████████████████████████████████████████████
████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

██████████████████████

19.　Because of Recepta's failure to comply with its contractual obligation to further joint development efforts ██████████ Agenus has wasted its own time and resources. ████████████████████████████████████████████████████████████ ███████████████████████████████████████████

### Agenus's Efforts to Develop Joint Products ██████████

20.　By contrast, Agenus has been diligently developing joint products ██████████ and keeping Recepta regularly apprised of those advancements at the JSC. ██████ ████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████

21.   ████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████ Recepta has failed to satisfy these obligations under the Agreement.

**Agenus's Efforts to Assist Recepta in Securing Supply of Drug Product**

22.   Since entering the Agreement in 2016, Agenus has attempted to engage with Recepta on supply and manufacturing issues ████████████████████ on multiple occasions, and discussions and proposals were consistently either left unattended or deemed non-negotiable by Recepta.

23.   ████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████

24.   As another example, in January 2019, ████████████████████████

████████████████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

██████████████████████████

25. ████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

█████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

██████████████████████████████████

**Recepta Prevented Agenus from Conducting a Confirmatory Study** ████

26. ████████████████████████████████████████

███████████████████████████████████████████████

█████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████



**Recepta's Failure to Respond to Agenus's Concerns**

27.     Agenus summarized the above concerns in a letter to Recepta, dated September 21, 2021.  As of the filing of this Complaint, Recepta has not responded to Agenus's letter or otherwise addressed Agenus's concerns.

## COUNT I
## (BREACH OF CONTRACT)

28.     Plaintiff realleges and incorporates the allegations set forth in paragraphs 1-27 above as if fully set forth herein.

29.     Agenus and Recepta entered into a valid, enforceable Collaboration Agreement on January 25, 2016.

30.     ███████████████████████████████████████████████ ███████████████████████████████████████████████ ███████████████████████ Recepta also agreed to use "Commercially Reasonable Efforts" to carry out its responsibilities under the Agreement in accordance with the parties' Joint Development Plans and to "cooperate" with Agenus "in carrying out the Joint Development Plan for each Joint Antibody and Joint Product."

31.     Recepta breached its contractual obligations to Agenus under the Collaboration Agreement by failing to use Commercially Reasonable Efforts—and failing to cooperate with

10

Agenus—to pursue the Joint Development Plans. Recepta's breaching conduct includes, but is not limited to:



a. ████████████████████████████████████████
████████████████████████

b. ████████████████████████████████████████
████████████████████████████████████████
████

c. ████████████████████████████████████████
████████████████████████████████████████
████████████████

d. ████████████████████████████████████

32.  Agenus has performed all of its obligations under the Collaboration Agreement.

33.  Because of Recepta's breach of its contractual obligations under the Collaboration Agreement, Agenus has been and will continue to be harmed. Agenus is entitled to damages, restitution, and declaratory relief.

## COUNT II
### (BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING)

34.  Plaintiff realleges and incorporates the allegations set forth in paragraphs 1-33 above as if fully set forth herein.

35.  Agenus and Recepta entered into a valid, enforceable Collaboration Agreement.

36.  When entering into the Collaboration Agreement, Agenus reasonably believed that Recepta would not do anything to destroy or injure Agenus's rights to receive the fruits of the Agreement.

37. Recepta breached this implied obligation to exercise good faith and fair dealing by several actions, including but not limited to:

a. [REDACTED]

b. [REDACTED]

c. [REDACTED]

d. [REDACTED]

38. By acting in bad faith, Recepta has deprived Agenus of the benefits owed to it under the Collaboration Agreement.

39. Because of Recepta's breach of its contractual and implied obligations under the Collaboration Agreement, Agenus has suffered and will continue to suffer substantial harm and other damages. Agenus is entitled to damages, restitution, and declaratory relief.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in its favor and against Defendant as follows:

A. A declaration in favor of Agenus and against Recepta on each count of this Complaint, and a final judgment incorporating the same, including a declaration that, because of Recepta's material breaches of the Collaboration Agreement, Agenus has terminated the entire Agreement pursuant to Article 10.2(a), and is therefore the "Continuing Party" for purposes of Article 10.3, which addresses the specific "Consequences of Termination";

B.     An award of damages to Agenus;

C.     Pre-judgment and post-judgment interest for any damages awarded to the extent permitted by law;

D.     The costs and expenses of suit incurred herein; and

E.     Such other and further relief as the Court deems just and appropriate under the circumstances.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all claims in this action.

Dated: January 24, 2022                              Respectfully submitted,

                                                     AGENUS INC.

                                                     By its attorney,

                                                     /s/ William J. Trach
                                                     William J. Trach (BBO # 661401)
                                                     LATHAM & WATKINS LLP
                                                     John Hancock Tower, 27th Floor
                                                     200 Clarendon Street
                                                     Boston, MA 02116
                                                     Telephone: (617) 880-4514
                                                     Facsimile: (617) 948-6001
                                                     william.trach@lw.com