UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AGENUS INC.,<br><br>      Plaintiff,<br><br>v.<br><br>RECEPTA BIOPHARMA S.A.,<br><br>      Defendant. | Civil Action No. _____ |

## AGENUS INC.'S MOTION TO SEAL

Pursuant to Local Rule 7.2, Agenus Inc. ("Agenus" or "Plaintiff") hereby moves this Court for leave to file an unredacted version of its Complaint and an exhibit thereto under seal. Specifically with respect to the exhibit, Agenus requests that the Court issue an order of impoundment, placing under seal an Amended and Restated Collaborative Research and Development and Commercial Rights Agreement (the "Collaboration Agreement"), which Agenus entered into with Defendant Recepta Biopharma S.A. ("Recepta") on January 25, 2016, and which forms the basis for this action for breach of contract and breach of the covenant of good faith and fair dealing. The Collaboration Agreement itself and references to its terms within Agenus's Complaint should be sealed because they contain competitively sensitive information that is also required to be kept in confidence under the terms of the Collaboration Agreement itself. A redacted version of Agenus's Complaint is being filed on the public docket.

## ARGUMENT

Courts recognize that "the right to inspect and copy judicial records is not absolute," and non-public, commercially sensitive documents may be protected from public disclosure. *Nixon v.*

*Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978) ("Every court has supervisory power over its own records and files[.]"). Pursuant to Federal Rule of Civil Procedure 26(c), a party may file a document under seal when "good cause" exists to keep the information confidential. Fed. R. Civ. P. 26(c). Good cause exists where the moving party demonstrates "the harm that would be sustained if the court did not allow the filing under seal." *Dunkin Donuts Franchised Restaurants, LLC v. Agawam Donuts, Inc.*, 2008 WL 427290, at *1 (D. Mass. Feb. 13, 2008) (internal quotations omitted).

It is well settled that documents revealing "business information that might harm a litigant's competitive standing" are the type of materials that courts protect because their disclosure can result in injury. *Nixon*, 435 U.S. at 598. Negotiated contract terms constitute paradigmatic trade secrets that, if disclosed, would harm a company's competitive standing in the market. *See, e.g., In re Elec. Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008) (holding that contract terms contained in licensing agreement are "the precise sort of information . . . that plainly falls within the definition of 'trade secrets'"). The Collaboration Agreement is a highly confidential agreement containing competitively sensitive terms and conditions that, if made public, would significantly harm the competitive standing of Agenus and Recepta. Courts routinely seal this type of competitively sensitive information. *See, e.g., In re Bank of Am. Home Affordable Modification Program (HAMP) Contract Litig.*, 2012 WL 5239726, at *1 (D. Mass. Oct. 24, 2012) (granting motion for protective order to protect "confidential commercial information about [a bank's] internal policies and procedures, as well as the internal policies and procedures of its third-party vendor" because material at issue "could unfairly disadvantage [the bank and its vendor] vis-à-vis their economic competitors").[1]

---

[1] *See also, e.g., Goldenberg v. Indel, Inc.*, 2012 WL 15909, at *3 (D.N.J. Jan. 3, 2012) (granting

The Collaboration Agreement contains sensitive information regarding the development and commercialization of certain products that are at the core of Agenus's business. When the parties entered the Agreement, they agreed to certain nondisclosure terms because disclosing this information to the public, including to competitors, could result in serious harm to both Agenus and Recepta. The parties may revisit the need for confidentiality of some or all of the terms of the Agreement but now, in compliance with the Agreement, Agenus requests that it be permitted to make this under-seal filing.

Finally, Agenus's request for sealing is narrowly tailored. Agenus seeks to seal the Collaboration Agreement itself, and only the discussion of the terms of the Collaboration Agreement in the Complaint. This ensures the negotiated contract terms themselves remain confidential and protects Agenus's commercial interests while permitting the public to have the fullest possible access to Agenus's allegations in the Complaint.

## CONCLUSION

For the foregoing reasons, Agenus respectfully requests that the Court issue an order granting its motion for an order of impoundment of confidential information. Agenus requests that the sealed documents remain impounded under further order of the Court, and at the conclusion of the litigation, after any appeals have been exhausted, that any documents filed under seal be returned to Plaintiff's counsel of record.

---

sealing of "confidential business agreements" that included "sensitive financial information"); *Mars, Inc. v. JCM Am. Corp.*, 2007 WL 496816, at *2–3 (D.N.J. Feb. 13, 2007) (finding a legitimate privacy interest in maintaining the confidentiality of terms to a business agreement that are not available to the public because otherwise the parties to the agreement could lose their future competitive negotiating positions and strategies, causing them to suffer serious injury); *Sprinturf, Inc. v. Sw. Recreational Indus., Inc.*, 216 F.R.D 320, 324 (E.D. Pa. 2003) (protecting documents containing proprietary information because the defendants' "competitors would be able to exploit this information during negotiations with [their] customers").

Dated:  January 24, 2022

Respectfully submitted,

AGENUS INC.

By its attorney,

/s/ William J. Trach
William J. Trach (BBO # 661401)
LATHAM & WATKINS LLP
John Hancock Tower, 27th Floor
200 Clarendon Street
Boston, MA 02116
Telephone:  (617) 880-4514
Facsimile: (617) 948-6001
william.trach@lw.com